IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MATTHEW COCKBURN**                                                                                  **PLAINTIFF**

v.                                          No: 5:19-cv-00102 SWW-PSH

**STAN MAGEE,** *et al.*                                                                               **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Matthew Cockburn, who is currently held at the Dallas County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 22, 2019, alleging that his constitutional rights were violated because he does not have access to a law library or legal materials. *See* Doc. No. 2. The Court ordered Cockburn to file an amended complaint describing how he was harmed by not having access to a law library and why he sues jail administrators in their official capacities. *See* Doc. No. 3 at 2. Cockburn filed an amended complaint on May 15, 2019 (Doc. No. 6). For the reasons described herein, the Court finds Cockburn fails to describe facts sufficient to state a claim for relief.

### I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

### II. Analysis

Cockburn alleges that the Dallas County Detention Center has no law library or legal materials. Doc. No. 2 at 4. Cockburn is a pre-trial detainee and is concerned that his appointed public defender will not adequately represent him in his pending criminal trial. *Id.*

In *Bounds v. Smith*, the U.S. Supreme Court recognized that prisoners' constitutional right of access to the courts is well-established. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). *See also White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate

a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis,* 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 to vindicate the violation of a basic constitutional right. *Id.* at 355 ("The tools [required by *Bounds*] are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Cockburn has not alleged that he suffered any injury as a result of the lack of a law library at the Dallas County Detention Center. Rather, he speculates that he will lose his criminal trial because he has little confidence in his public defender. That is insufficient to state a viable constitutional claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Cockburn's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 28th day of May, 2019.

                                                                                        _____

                                                                         UNITED STATES MAGISTRATE JUDGE